**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **ULISES FLORES SANCHEZ, ALBERTO REYES, ANDRES REYES, ATANACIO REYES, LEOPOLDO REYES, and FELIPE MAGANA, individually and on behalf of others similarly situated,** | **Case No. 18-cv-6635** |
| **Plaintiffs,** | **Judge** |
| **v.** | |
| **PAUL F. PEDERSEN CO., d/b/a PEDERSEN COMPANY, and PAUL PEDERSEN,** | |
| **Defendants.** | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs Ulises Flores Sanchez, Alberto Reyes, Andres Reyes, Atanacio Reyes, Leopoldo Reyes, and Felipe Magana, individually and on behalf of others similarly situated, complain against Defendants Paul F. Pedersen Co., and Paul Pedersen, alleging claims under the Fair Labor Standards Act ("FLSA"), the Illinois Minimum Wage Law ("IMWL"), and the Illinois Wage Payment & Collection Act ("IWPCA"). Plaintiffs bring their FLSA claims as a collective action, pursuant to 29 U.S.C. § 216(b). Plaintiffs bring their IMWL and IWPCA claims as putative class actions pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## Introduction

1.      This complaint arises out of Defendants' failure to pay Plaintiffs and a group of other current or former employees wages owed for off-the-clock work performed, including travel time for the benefit of Defendants, Defendants' failure to pay Plaintiffs and a group of other current or former employees one-and-a-half times their regular rate of pay for hours worked in excess of

forty in a workweek, and Defendants' making unauthorized deductions for uniforms from workers' wages.

2.      Plaintiffs, individually and on behalf of others similarly situated, seek to recover unpaid wages, interest, statutory penalties, liquidated damages, and attorneys' fees and costs pursuant to the FLSA, the IMWL, and the IWPCA.

## Parties

3.      Plaintiff Ulises Flores Sanchez ("Flores") worked as a driver, "plantsman," and foreman for Defendants from October 2012 through October 2017.  During Flores' employment with Defendants, Defendants paid him $18.65 per hour beginning on June 1, 2015, $19.15 per hour beginning on June 1, 2016, and $19.65 per hour beginning on June 1, 2017.

4.      Plaintiff Alberto Reyes ("Alberto") worked as a driver and landscaper for Defendants from October 2007 through December 2017. During Alberto's employment with Defendants, Defendants paid him $16.50 per hour in 2015, $18.00 per hour in 2016, and $18.25 per hour in 2017.

5.      Plaintiff Andres Reyes ("Andres") worked as a "junior plantsman" for Defendants from June 2016 through November 2016. During Andres's employment with Defendants, Defendants paid him $14.36 per hour.

6.      Plaintiff Atanacio Reyes ("Atanacio") worked as a laborer for Defendants from from April 2009 through December 2009, and then again from 2013 through April 2014.

7.      Plaintiff Leopoldo Reyes ("Leopoldo") worked as a "plantsman" for Defendants intermittently for sixteen years, ending in December 2016. During Leopoldo's most recent employment with Defendants from April 2016 through December 2016, Defendants paid him $18.65 per hour until June 1, 2016, at which time Defendants paid him $19.15 per hour.

8.    Plaintiff Felipe Magana ("Magana") worked as a laborer for Defendants from approximately April 2014 through November 2015. At the time of his separation from employment, Defendants paid him $12.00 per hour.

9.    Defendant Paul F. Pedersen Co. is a commercial and residential landscape design, installation, and maintenance business incorporated in Illinois. Its principal place of business is located in St. Charles, Illinois. It does business as Pedersen Company.

10.   Defendant Paul Pedersen is the owner and president of Paul F. Pedersen Co. Upon information and belief, he is a resident of Cook County, Illinois.

11.   During all relevant times, Defendants were Plaintiffs' employers for purposes of the FLSA, the IMWL, and the IWPCA.

**Jurisdiction and Venue**

12.   The Court has jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiffs' IMWL and IWPCA claims pursuant to 28 U.S.C. § 1367.

13.   Venue is proper in this district, because, at all relevant times, Defendants employed Plaintiffs in this judicial district.

**Facts**

14.   Defendants operate a residential and commercial landscaping services business.

15.   Plaintiffs' jobs required them to arrive at the "shop" located in St. Charles, Illinois at approximately 5:00 a.m. to load the tools and equipment necessary to perform their landscaping installation and maintenance work onto a truck.

16.   After loading the tools and equipment, Plaintiffs drove to their assigned worksites to begin their work at 7:00 a.m. Plaintiffs worked at the sites until 3:30 p.m.

17.     Upon completion of their work at the worksites, Plaintiffs were required to reload their tools and equipment onto the truck and drive back to the "shop."  Plaintiffs routinely arrived back at the shop between 4:30 p.m. and 5:30 p.m.

18.     Plaintiffs typically worked five days per week – Monday through Friday.

19.     From at least 2015 through 2017, Plaintiffs regularly worked for Defendants more than forty hours in a workweek.

20.     Defendants never paid Plaintiffs and other employees for the time that Defendants required them to load the tools and equipment onto the trucks at the shop, the time necessary to drive to their assigned worksites, or the time necessary to reload the tools and equipment back onto the trucks and return to the shop at the end of the day.

21.     Defendants never paid Plaintiffs and other employees one-and-a-half times their regular hourly rates of pay for the time that they spent loading tools and equipment or for the time that they spent traveling to and from the worksites.

22.     In addition, Defendants made deductions of $10.00 each week from each worker's pay, totaling $20.00 from each two-week pay period.

23.     Defendants never obtained written authorization for these deductions.

## Enterprise Status

24.     During all relevant times, Defendants constituted an "enterprise engaged in commerce" as that term is defined in the FLSA because they performed related activities (either through unified operation or common control) for a common business purpose.

25.     During all relevant times, Defendants engaged in over $500,000 in annual sales or business.

26.     During all relevant times, Defendants' employees handled or sold goods or materials that moved in interstate commerce.

27.     On information and belief, the tools and equipment used by Plaintiffs in the regular course of their employment were built or assembled outside the State of Illinois and were transported through interstate commerce.

### Collective and Class Allegations

28.     Plaintiffs Ulises Flores Sanchez, Alberto Reyes, Andres Reyes, Leopoldo Reyes, and Felipe Magana bring the claims set forth in Count I, alleging violations of the FLSA, as a collective action on behalf of themselves and an **"FLSA Overtime Class,"** consisting of all hourly employees of Defendants between September 28, 2015 and July 2017 and who, during that time, worked more than forty hours in any workweek.

29.     Plaintiffs Ulises Flores Sanchez, Alberto Reyes, Andres Reyes, Leopoldo Reyes, and Felipe Magana bring the claims set forth in Count II, alleging violations of the IMWL, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and all other employees as an "**IMWL Overtime Class**," consisting of all hourly employees who worked for Defendants between September 28, 2015 and the July 2017 and who, during that time, worked for Defendants more than forty hours in any workweek.

30.     All Plaintiffs bring the claims set forth in Count III, alleging violations of the IWPCA, as a Rule 23 class action on behalf of themselves and all other employees as a **"Deductions Class,"** consisting of all hourly employees who worked for Defendants between September 28, 2008 and the present and who, during that time, had deductions taken from their wages by Defendants for uniforms, when the employees never provided written authorizations for the deductions.

31.     The classes defined above satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and 29 U.S.C. § 216(b).

32.     The classes are so numerous and geographically dispersed that joinder of all members is impracticable, and the disposition of their claims in a class action will provide substantial benefits to both the parties and the Court. Plaintiffs believe that each of the classes include at least fifty former and current employees of Defendants.

33.     Common questions of law and fact predominate over individual issues affecting only individual class members. The common questions of law and fact include, among others, the following:

    a.    Whether Defendants denied Plaintiffs and the FLSA Overtime Class overtime wages due and owing under the FLSA;

    b.    Whether Defendants denied Plaintiffs and the IMWL Overtime Class overtime wages due and owing under the Illinois Minimum Wage Law;

    c.    Whether Defendants made deductions from Class Members' wages without their written authorization in violation of the IWPCA.

34.     Plaintiffs will fairly and adequately protect the interests of all class members. Plaintiffs Ulises Flores Sanchez, Alberto Reyes, Andres Reyes, Leopoldo Reyes, and Felipe Magana are members of the FLSA Overtime Class and the IMWL Overtime Class, and all Plaintiffs are members of the Deductions Class.

35.     Plaintiffs' claims are typical of the claims of all class members. Plaintiffs' interests in obtaining monetary relief for Defendants' violations of the class members' rights are consistent with and are not antagonistic to those of any person within the classes.

36.     Plaintiffs have retained counsel competent and experienced in complex and class action litigation.

37.     A class action is superior to other methods for the fair and efficient adjudication of the controversy alleged in this Complaint.  Class action treatment will permit a large number of similarly situated persons to prosecute their modest, common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require.

38.     The Court is not likely to encounter any difficulties that would preclude it from maintaining this case as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. Individualized litigation also would present the potential for inconsistent or contradictory judgments.

### Count I – Fair Labor Standards Act

39.     Plaintiffs incorporate all prior allegations as if fully stated herein.

40.     Defendants employed Plaintiffs and members of the FLSA Overtime Class.

41.     Plaintiffs Ulises Flores Sanchez, Alberto Reyes, Andres Reyes, Leopoldo Reyes, and Felipe Magana and the members of the FLSA Overtime Class regularly worked for Defendants in excess of forty hours in a workweek.

42.     Plaintiffs and members of the FLSA Overtime Class were not exempt employees as defined by the FLSA and relevant regulations.

43.     Defendants never paid Plaintiffs and other employees one-and-a-half times their regular hourly rates of pay for the time that they spent loading tools and equipment in trucks or for the time that they spent traveling to and from the worksites.

44.     Defendants' violations of the FLSA were willful.

### PRAYER FOR RELIEF

Plaintiffs ask the Court to enter judgment against Defendants and issue an order:

7

a.     Certifying this case as a collective action pursuant to 29 U.S.C. § 216(b);

b.     Entering judgment in the amount of all unpaid overtime wages due and owing to Plaintiffs and members of the class, as well as all applicable liquidated damages;

c.     Declaring that Defendants' conduct violated the FLSA;

d.     Awarding Plaintiffs their reasonable attorneys' fees and the costs of this action;

e.     Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

f.     Awarding such other and further relief as this Court deems appropriate and just.

## Count II – Illinois Minimum Wage Law

45.     Plaintiffs incorporate all prior allegations as if fully stated herein.

46.     Defendants employed Plaintiffs and members of the IMWL Overtime Class.

47.     Plaintiffs Ulises Flores Sanchez, Alberto Reyes, Andres Reyes, Leopoldo Reyes, and Felipe Magana and the members of the IMWL Overtime Class regularly worked for Defendants in excess of forty hours in a workweek.

48.     Defendants never paid Plaintiffs and other employees one-and-a-half times their regular hourly rates of pay for the time that they spent loading tools and equipment in trucks or for the time that they spent traveling to and from the worksites.

## PRAYER FOR RELIEF

Plaintiffs ask the Court to enter judgment against Defendants and issue an order:

a.     Certifying this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b.     Appointing Plaintiffs Ulises Flores Sanchez, Alberto Reyes, Andres Reyes, Leopoldo Reyes, and Felipe Magana as representatives of the IMWL Overtime Class;

c.     Appointing the undersigned counsel as class counsel;

d.     Declaring that the actions complained of herein violated 820 ILCS 105/4;

e.      Awarding the IMWL Overtime Class prejudgment interest on the back wages owed in accordance with 815 ILCS 205/2;

f.      Awarding penalties in the amount of 2% of all unpaid wages for each month the unpaid wages remain delinquent, as contemplated by 820 ILCS 105/12(a);

g.      Awarding reasonable attorneys' fees and the costs of this action as provided by the IMWL;

h.      Awarding such other relief as this Court deems just and proper.

## Count III – Illinois Wage Payment and Collection Act

49.      Plaintiffs incorporate all prior allegations as if fully stated herein.

50.      Defendants deducted amounts from Plaintiffs' and the Deductions Class Members' compensation for uniform expenses without the Plaintiffs' and Class Members' express written consent at the time of the deductions.

## PRAYER FOR RELIEF

Plaintiffs ask the Court to enter judgment against Defendants and issue an order:

a.      Certifying this case as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure;

b.      Appointing Plaintiffs as representatives of the Deductions Class;

c.      Appointing the undersigned counsel as class counsel;

d.      Declaring that the actions complained of herein violated the IWPCA, 820 ILCS 115/9;

e.      Awarding the Deductions Class the amounts of money unlawfully deducted for uniforms;

f.      Enjoining Defendants from future IWPCA violations;

g.      Awarding the attorney's fees and costs of this action as provided by the IWPCA; and

h.      Awarding such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues as to which a jury trial is available.

Dated: September 28, 2018                Respectfully submitted,

                                      /s/Christopher J. Wilmes_____
                                      One of the Attorneys for the Plaintiffs

Matthew J. Piers
Christopher J. Wilmes
HUGHES, SOCOL, PIERS, RESNICK & DYM, LTD.
70 W. Madison St., Suite 4000
Chicago, IL 60602
312-580-0100
mpiers@hsplegal.com
cwilmes@hsplegal.com

Alexandria Santistevan
Farmworker & Landscaper Advocacy Project
33 N. LaSalle, Suite 900
Chicago, IL 60602
(312) 784-3541
litigation@flapillinois.org

10